SVK

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Giddens,                              ) | No. CV 07-1201-PHX-SMM (JJM) |
|                         Plaintiff,          ) | **ORDER** |
| vs.                                         ) | |
| Deputy Warden R.W. White, et al.,           ) | |
|                         Defendants.         ) | |

Plaintiff Brian Giddens, who is confined in the Arizona State Prison Complex in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. On September 7, 2007, Plaintiff filed a First Amended Complaint. The Court will order Defendants to answer the First Amended Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

//

**TERMPSREF**

1  **II.     First Amended Complaint**

2  Plaintiff names the following Defendants: (1) R.W. White, Deputy Warden; (2) Anne
3  Reeder, Acting Deputy Warden; (3) Captain Stuart; (4) Captain Sagona; (5) Sergeant Matos;
4  and (6) Sergeant Lunka.

5  The First Amended Complaint contains two counts, arising from prison disciplinary
6  proceedings. In Count I, Plaintiff alleges that Defendants Matos, Sagona, Reeder, and White
7  violated his due process rights regarding a March 14, 2007 disciplinary report charging him
8  with conspiracy to smuggle narcotics into the prison. He alleges that he was not given a
9  statement of the evidence relied upon, and, so, he was unable to present witnesses or a
10 defense.  He was found guilty; his release date was extended by 30 days and he lost
11 privileges.  In Count II, Plaintiff alleges that his due process rights were violated by
12 Defendants Lunka, Stuart, White, and Reeder regarding a disciplinary charge stating that on
13 February 8, 2007 a lab technician notified an official that Plaintiff had tested positive for
14 methamphetamine.  He alleges that he was not provided a written report with the details of
15 the evidence and he was unable to call witnesses or mount a defense.  He alleges that he was
16 found guilty and the punishment included a loss of previously earned release credits, thus
17 extending his sentence.

18 Plaintiff seeks declaratory and injunctive relief and damages.

19 Plaintiff has adequately stated a claim against Defendants, and the Court will order
20 them to answer the First Amended Complaint.

21 **III.    Warnings**

22 **A.     Release**

23 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
24 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
25 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
26 in dismissal of this action.

27 //

28 //

TERMPSREF                                                                 - 2 -

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)     Defendants must answer the First Amended Complaint.

(2)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Dkt. 7), this Order, and both summons and request for waiver forms for Defendants.

(3)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

1 is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m);
2 LRCiv 16.2(b)(2)(B)(i).

3 (5) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

5 (6) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

//
//

(8) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(10) This matter is referred to Magistrate Judge Jacqueline J. Marshall pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 18th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge